UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV160-R

HAROLD CRAWFORD                                                                                   PLAINTIFF

v.

CELANESE LTD. and
CELANESE INTERNATIONAL CORPORATION                                        DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on Motion for Summary Judgment of Defendants Celanese Ltd. and Celanese International Corporation ("Celanese") (Dkt. # 11).  Plaintiff Harold Crawford responded (Dkt. # 12), Defendants replied (Dkt. # 13), and this matter is now ripe for decision.  For the reasons set forth below, Defendants' motion will be **GRANTED**.

### BACKGROUND

Plaintiff Crawford was employed at a manufacturing plant owned by Defendants as a maintenance worker.  After working four 16-hour days in a row, he fell asleep at the wheel of his car on the way home from the plant and was injured in a one-car accident.  He filed suit in Marshall Circuit Court alleging that his employers were negligent in forcing him to work overtime and failing to monitor his condition or provide alternative transportation when he left the factory.  On August 15, 2005, Defendants removed the case to this Court.  They have since filed a motion seeking summary judgment on the grounds that Mr. Crawford's sole remedy is under the Kentucky Workers' Compensation Act.

### STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can

establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of the evidence. To support his position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## ANALYSIS

The Kentucky Workers' Compensation Act (KRS §§ 342.690 *et seq*.) is the exclusive remedy for an employee against his employer for a work-related injury. *Travelers Indem. Co. v. Reker*, 100 S.W.3d 756, 760 (Ky. 2003). The issue, then, is whether the injury Mr. Crawford suffered constitutes a work-related injury under the statute. Mr. Crawford does not dispute that Celanese provides workers' compensation benefits to its employees; rather, he argues that the statute does not apply in his case because of the "coming and going rule." Mr. Crawford relies upon *Warrior Coal Co., LLC v. Stroud*, in which the Kentucky Supreme Court said: "injuries that occur during travel to and from work generally are not compensable [under the Kentucky Workers Compensation Act]." 151 S.W.3d 29, 31 (Ky. 2004) (citing *Harlan Collieries v. Shell*, 239 S.W.2d 923 (Ky. 1951)). However, the Kentucky Supreme Court's reasoning in *Warrior Coal* suggests that application of this general rule to the case at bar would be a misinterpretation of the rule. The *Warrior Coal* court explained the reasoning for the "going and coming" rule as follows: "[t]he perils encountered during travel to and from work are no different from those encountered by the general public and are neither occupational nor industrial hazards." *Id.* As Defendants correctly note, the theory of Mr. Crawford's complaint is that his employer's negligence caused the hazard he faced - driving while too tired to operate a motor vehicle. Therefore, the "coming and going" rule cannot logically apply here, where its justification - the lack of relationship between the hazard and the employment - is inherently absent from Plaintiff's theory of the case.

Without the "coming and going" rule to guide the application of the statute in this case, the Court must return to the basic question of whether the injury suffered by Mr. Crawford falls within the scope of the Kentucky Workers' Compensation Act. As a general matter, Kentucky

3

courts interpret the exclusivity provision of the workers' compensation statute very broadly. As our sister court in *Grego v. Meijer, Inc.* noted, courts in Kentucky have a "long history of interpreting the Workers' Compensation Act to prohibit tort actions grounded in negligence between an employer and employee." 239 F.Supp.2d 676, 683 (W.D.Ky. 2002). This is supported by the plain language of KRS 342.690(1), which says that "...the liability of [the] employer under this chapter *shall be exclusive* and in place of *all other liability* of such employer to the employee..." (emphasis supplied).

The Court believes that Mr. Crawford's injuries are most usefully analogized to cases in which an employee suffers a heart attack that he argues was caused by his employment in some way. In those cases, Kentucky courts have held that where the heart attack was caused by the employee's work, the damages from the heart attack would be compensable under Kentucky's workers' compensation scheme. *McCowan v. Matsushita Appliance Co.*, 95 S.W.3d 30, 31, citing *Hudson v. Owens*, 439 S.W.2d 565 (Ky. 1969); *Grimes v. Goodlett & Adams*, 345 S.W.2d 47 (Ky. 1961); and *Terry v. Associated Stone*, 334 S.W.2d 926 (Ky. 1960) ("Eventually, heart attacks that were precipitated by physical exertion or strain came to be included [in the workers' compensation scheme]."). This is true even if the heart attack was precipitated by "a work-connected arousal of an underlying ... condition." *Stovall v. Dal-Camp, Inc.*, 669 S.W.2d 531, 534 (Ky. 1984). The determination of work-relatedness requires analysis of the totality of the circumstances. *Roberts v. Estep*, 845 S.W.2d 544, 547 (Ky. 1993). Whether the attack occurred at work or not is not determinative of this issue. *Id.*, citing *Pierce v. Kentucky Galvanizing Co., Inc.*, 606 S.W.2d 165 (Ky. Ct. App. 1980).

Under Mr. Crawford's theory of the case, his injury, although it did not occur on his

employer's premises or while he was working, was nevertheless work-related. Like in a heart attack case, the Court believes that Kentucky law would operate to bring this claim within the scope of the Kentucky Workers' Compensation Act. Therefore, the exclusivity provision of that act operates to prevent Mr. Crawford from bringing a tort claim against Defendants.

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment will be **GRANTED**. An appropriate order shall issue.